Chairperson, Hon. Marc G. Buyske, Member, Hon. Gary L. Day and Alt. Member, Hon. Kirk D. Krueger.

**STATE OF MONTANA,**
    **Plaintiff,**                 **No. DC-03-64**
**vs.**                         **Decision**
**MICHAEL R. WRIGHT,**
    **Defendant.**

On December 12, 2003, the defendant was sentenced to the following: Count I: Criminal Production or Manufacture of Dangerous Drugs, a Felony: Sixty (60) years in the Montana State Prison, with Twenty (20) years suspended; Count II: Operation of Unlawful Clandestine Laboratory, a Felony: Twenty-Five (25) years in the Montana State Prison; Count III: Criminal Possession of Dangerous Drugs With Intent to Distribute, a Felony: Twenty (20) years in the Montana State Prison; Count IV: Criminal Possession of Precursors to Dangerous Drugs, a Felony: Twenty (20) years in the Montana State Prison; and Count V: Failure to Register as a Sexual or Violent Offender, a Felony: Five (5) years in the Montana State Prison. Counts I - IV are to be served concurrently. Count V is to run consecutively to Counts I – IV.

On June 10, 2004, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Mathew Stevenson. The state was represented by Geoffrey Mahar.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified as follows: Condition #18 of

the Amended Judgment filed on May 4, 2004, shall be removed; Count V shall run concurrently with the sentences imposed in Counts I – IV; any requirement to pay restitution shall be removed.

The Division makes this modification based upon the recommendation made in the Pre-Sentence Investigation report, the defendant's lack of any prior criminal history involving felony drug related offenses and the relation of this sentence to sentences imposed for similar offenses in the state of Montana. The imposition of the restitution obligation is clearly excessive based upon the lack of any evidence that the defendant has the ability to pay that restitution and the lack of any consent by the defendant to pay restitution.

Done in open Court this 10th day of June, 2004.

DATED this 25th day of June, 2004.

Chairperson, Hon. Marc G. Buyske, Member, Hon. Gary L. Day and Member, Hon. John W. Whelan.